IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THREE RIVERS CENTER FOR INDEPENDENT LIVING, INC. and DANA WASHINGTON and NEEDRA C. ADAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HOUSING AUTHORITY OF THE CITY OF PITTSBURGH and KEITH KINARD, in his official capacity as the Executive Director of the HOUSING AUTHORITY OF THE CITY OF PITTSBURGH,<br><br>Defendants. | 2:02cv1069 |

ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING SETTLEMENT, SCHEDULING FAIRNESS HEARING AND DIRECTING THAT NOTICE OF SETTLEMENT AND HEARING BE GIVEN TO CLASS

AND NOW, this 4th day of October, 2006, upon consideration of Plaintiffs' Motion for (1) Certification of Settlement Class; (2) Preliminary and Final Approval of Settlement Agreement; (3) Scheduling of Settlement Fairness Hearing; and (4) Order Directing Notice to Settlement Class Members ("Plaintiffs' Motion"), it is hereby found and ordered as follows:

1. Plaintiffs, Three Rivers Center for Independent Living, Inc. and Dana Washington and Needra C. Adams, and Defendants, Housing Authority of the City of Pittsburgh and Keith Kinard, in his official capacity as the Executive Director of the Housing Authority of the City of Pittsburgh (collectively, "HACP") entered into a Settlement

Agreement dated 8/1/2006 ("Settlement Agreement").

    2.    Plaintiffs seek to settle this action on behalf of a Settlement Class as follows:

> All current or future tenants in Public Housing Units with mobility impairments who currently need or in the future will need fully UFAS-accessible Public Housing Units, as well as all people with mobility impairments needing fully UFAS-accessible Public Housing Units who currently are or in the future will be on the waiting list for Public Housing Units owned or funded by or through HACP.

For the purposes of this Order, "UFAS-accessible" means a wheelchair accessible Public Housing Unit that is designed, constructed, altered or adapted to comply with the Uniform Federal Accessibility Standards, as set forth at 24 C.F.R. § 8.32 and Appendix A to 24 C.F.R. Part 40.

    3.    Plaintiffs, individually and on behalf of the above-defined Settlement Class, claim in this action that HACP discriminates against individuals with mobility impairments in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, by failing to have a sufficient number of fully UFASaccessible Public Housing Units.

    4.    Each of the three named Plaintiffs require housing that is UFAS-accessible.

    5.    For the purpose of assuring adequate notice to potential absent class members and for the purpose of this Court's consideration of the Settlement Agreement entered between the parties and for these purposes only, the proposed Settlement Class is hereby conditionally certified pursuant to F.R.Civ.P. 23(a) and (b)(2), the Court having

found that:

 (a) The class is sufficiently numerous that joinder of all members is impracticable;

 (b) The Amended Complaint presents questions of law and fact common to the class;

 (c) The claims of the Plaintiffs Washington, Adams, and Holly appear to be typical of the claims raised on behalf of the class;

 (d) The named Plaintiffs will fairly and adequately protect the interests of the class;

 (e) HACP is alleged to have acted or failed to act on grounds generally applicable to the class; and

 (f) HACP does not object to the certification of the class for settlement purposes only.

6. The Court hereby designates the individually named Plaintiffs as representatives of the Settlement Class and designates Plaintiffs' counsel as Class Counsel.

7. The Court also finds that the Settlement Agreement appears to be sufficiently fair, reasonable and adequate to justify provisional approval of the Settlement Agreement, the scheduling of a Settlement Fairness Hearing, and the giving of notice of the Settlement Agreement, the conditional certification of the Settlement Class, and the scheduling of the hearing to the Settlement Class.

8. A Settlement Fairness Hearing shall be held on **Monday, November 20, 2006 at 1:30 P.M.** in Courtroom 6C, 6th Floor, U.S. Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219 for further consideration of the Settlement Agreement and to hear any objections any Settlement Class member may have to the Settlement Agreement.

9. Within fifteen (15) days of this Order, HACP shall give notice of the Settlement Agreement, the conditional certification of the Settlement Class, and the Settlement Fairness Hearing in accordance with Paragraph 4 of the Settlement Agreement, which notice meets the requirements of F.R.Civ.P. 23(c)(2)(A) and principles of due process.

10. To assist the Court in preparing for the Settlement Fairness Hearing, counsel may submit, no later than fourteen (14) days prior to the Settlement Fairness Hearing, any briefs, affidavits or other documents related to the findings that this Court is required to make.  Counsel may submit papers in response to any objections that may be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

11. Prior to the Settlement Fairness Hearing, HACP shall file with the Court and serve on Plaintiffs a statement certifying its compliance with Paragraph 4 of the Settlement Agreement.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:  Paul W. O'Hanlon, Esquire
Email: POHanlon@DLP-PA.org
David A. Kahne, Esquire
Email: davidkahne@earthlink.net
Carol A. Horowitz
Email: chorowitz@dlp-pa.org

John R. Leathers, Esquire
Email: leathersjr@bipc.com
Susan A. Yohe, Esquire
Email: yohesa@bipc.com